UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 96-4495

NATHANIEL DUNLAP,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-95-57)

Submitted: April 29, 1997

Decided: May 27, 1997

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Warren F. Keeling, Newport News, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Janet S. Reincke, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nathaniel Dunlap was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1997). He received the statutory maximum sentence of ten years because the district court found that he had used the firearm in connection with the commission of another offense, the fatal shooting of Julius Jegede. See United States Sentencing Commission, Guidelines Manual §§ 2K2.1(c)(1)(B), 2A1.1 (Nov. 1995). He contends that the district court erred by considering unreliable hearsay evidence in determining his sentence. We affirm.

Jegede was shot outside his house in Newport News, Virginia, on November 9, 1994, and died of his wounds eight days later. Dunlap was arrested the day after the shooting; he was carrying a 9 mm semi-automatic pistol which proved to be the murder weapon. He was charged with murder and use of a firearm in a felony in state court but the government's key witnesses, fearing retaliation, refused to testify at the last minute, and the charges were dropped. Dunlap was later convicted of the instant offense. At his sentencing hearing, Newport News Police Sergeant William Reilley testified about a series of violent incidents beginning in the late 1980's in which Dunlap and his close associates had been implicated. In each case, witnesses who were at first cooperative later became fearful and refused to testify.

With regard to Jegede's shooting, the officer testified that a witness had been expected to testify that he heard Dunlap admit shooting Jegede. The other was to testify that just before the shooting he saw Dunlap and Cleon Avery in a truck and Paul Taylor and Damien Pruden in a green Diamonte automobile circle the block several times, then go toward Jegede's house. Immediately afterward, the witness heard shots and then found Jegede wounded. On cross-examination, defense counsel asked the identity of the informant who said Dunlap admitted the shooting; however, the district court sustained the government's objection to the question.

In making its determinations concerning sentencing factors, the district court may consider any reliable and relevant information,

2

including hearsay. <u>See United States v. Jones</u>, 31 F.3d 1304, 1316 (4th Cir. 1994); USSG § 6A1.3(a). Due process is satisfied if hearsay evidence presented has more than a "minimal indicium of reliability beyond mere allegation." <u>United States v. Hicks</u>, 948 F.2d 877, 878 (4th Cir. 1991).

Dunlap maintains that due process was violated because Sergeant Reilley neither testified that the informant who said Dunlap admitted shooting Jegede was a reliable source of information nor explained why the court could regard his information as reliable. Dunlap is correct that Reilley did not state specifically that the informant was reliable. However, Officer Reilley's confidence in the informant was shown by the fact that the informant had been scheduled to testify against Dunlap in state court. The information supplied by the informant through Reilley met the threshold test for reliability because it was corroborated in part by other information. Most importantly, Dunlap had the murder weapon in his possession when he was arrested the next day. Moreover, a different witness had seen Dunlap near Jegede's house just before the shooting. These additional pieces of circumstantial evidence support the informant's statement and raise it above "mere allegation." Consequently, the district court did not violate due process in considering it.

Dunlap also suggests that there was insufficient evidence for the court to find that he shot Jegede. He tried to meet his burden of proving that the contested information in the presentence report concerning his involvement in Jegede's murder was false or unreliable. <u>See United States v. Terry</u>, 916 F.2d 157, 161 (4th Cir. 1990) (defendant's burden of proof to rebut inaccurate or unreliable information in presentence report). However, because the district court did not find his testimony credible, the government's evidence was sufficient for a finding, by a preponderance of the evidence, that Dunlap shot Jegede.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3